UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

GEORGE PROBY, JR., )
)
)
Plaintiff, )
)
v. ) No. 1:18-CV-293 SNLJ
)
CORIZON MEDICAL SERVICES, et. al., )
)
)
Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motions of George Proby, Jr. (registration no. 1237464), an inmate at Northeast Correctional Center ("NECC"), for leave to commence this action without payment of the required filing fee.[1] For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.83. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will order plaintiff to submit a second amended complaint on a court-provided form in compliance with the instructions set forth below. Plaintiff's failure to do so will result in a dismissal of this action, without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month

---

[1]Plaintiff has filed two motions to proceed in forma pauperis in this action. *See* Docket Nos. 2 and 14.

period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $9.18. Accordingly, the Court will assess an initial partial filing fee of $1.83.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

Pro se complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, they still must allege sufficient facts to support the claims alleged. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004); *see also Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir.

1980) (even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 914-15. In addition, giving a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

## Background

Plaintiff filed this action in the United States District Court for the Western District of Missouri (W.D.M.O.) on December 6, 2018. At the time he filed his sixty-two-page (62) complaint, he was incarcerated in the Southeast Correctional Center ("SECC") in Charleston, Missouri.[2] The W.D.M.O. transferred the action to this Court on December 11, 2018, pursuant to 28 U.S.C. § 1404(a).[3] Along with the complaint, the Court simultaneously transferred plaintiff's motions for temporary restraining order and for preliminary injunction, also filed on December 6, 2018[4], in which plaintiff sought "timely and proper medical treatment."

Plaintiff filed his amended complaint on May 20, 2019, in this Court. "It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect." *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005).

---

[2] In plaintiff's original complaint, he complained that there was a possibility that he had cancerous tumors in his rectum that could be blocking his rectal tract, which were likely caused by the human papilloma virus. He asserted that he was diagnosed with the tumors at JCC, but purportedly denied treatment for the alleged tumors at MCC and SECC.

[3] The Western District of Missouri found that this Court was a more convenient forum for plaintiff's claims because although plaintiff was allegedly first diagnosed with rectal tumors in 2017, while he was incarcerated at JCCC, which is located within the Western District of Missouri, since April 12, 2018, plaintiff has been incarcerated in the Eastern District of Missouri (at MCC and SECC), where plaintiff claims his medical condition has worsened significantly. Moreover, the Western District Court found that of the defendants named in the case, four work at JCCC, while four work at MCC and eleven work at SECC. Thus, this District would be more convenient if a hearing would be required on plaintiff's motion for injunctive relief.

[4] After transfer of this action, plaintiff filed two supplemental motions for preliminary injunction, as well as a third motion for preliminary injunction and temporary restraining order. *See* Docket Nos. 7, 8 and 17.

Plaintiff is currently incarcerated at Northeast Correctional Center ("NECC"). The amended pleading is made up eighty-six-pages (86) pages, including exhibits. It names thirty-three (33) individuals and entities as defendants in this action, and plaintiff has included claims relating to three separate prisons – Moberly Correctional Center ("MCC"), Southeast Correctional Center ("SECC"), and Jefferson City Correctional Center ("JECC"). Plaintiff has also included claims relating to supervisors at Corizon Health Services and the individuals who run the Missouri Department of Corrections, who are located in Jefferson City, Missouri. Moreover, he has brought more than twelve (12) separate claims against the thirty-three (33) defendants. As set forth in detail below, such pleading practice is not allowed pursuant to Federal Rules of Civil Procedure 8, 10, 18 and 20, and plaintiff will be required to amend his complaint.

### The Amended Complaint[5]

Plaintiff brings this action under 42 U.S.C. § 1983. Defendants are individuals employed by Jefferson City Correctional Center ("JCCC"), the Moberly Correctional Center ("MCC"), the Southeast Correctional Center ("SECC"), Corizon Medical Services ("Corizon), and the Missouri Department of Corrections ("MDOC").

Named as defendants are: Corizon Medical Services; T. Bredeman (MDOC, Director of Operations); J. Cofield (MDOC, Director of Operations of Constituent Services); Dean Minor (Warden, MCC); Ruanne Stamps (Doctor, MCC); Bonnie Boley (Health Services Admin., MCC); Laurel Davison (Nurse Practitioner, MCC); Audrey Ford (Nurse, MCC); Kayla Nivert (Nurse, MCC); Amanda Unknown (Nurse, MCC); Unknown Stoner (Nurse, MCC); Christina Unknown (Nurse, MCC); Courtney Unknown (Nurse, MCC); Unknown Lawson (Square Cook, MCC); Unknown Jochem (Square Cook, MCC); Unknown Bell (Square Cook, MCC); Molly Leija

---

[5]Plaintiff filed his original complaint on December 6, 2018, and he filed an amended complaint on May 20, 2019. The amended complaint supersedes the original complaint in all respects.

(Health Services Admin., SECC); Martin Unknown (Case Worker, MCC); Aaron LeGrand (Case Worker, MCC); Blake Moutray (Correctional Officer, MCC); Ralph Vanlandringham (Correctional Officer, MCC); Phillip Tippen (Doctor, SECC); Rebecca Graham (Nurse Practitioner, SECC); Larry Graham (Charge Nurse, SECC); Christy Williams (Nurse, SECC); Megan Unknown (Nurse, SECC); Jackie Unknown (Nurse, SECC); Amanda Unknown (Nurse, SECC); Unknown Lynch (Correctional Officer, SECC); Unknown Harriston (Correctional Officer, SECC); Sydney Serr (Nurse Practitioner, JECC); and Ryan Crews (Dep. Div. Dir. Of Adult Inst., MDOC). Plaintiff brings this action against defendants in their individual and official capacities.

Plaintiff asserts a plethora of medical claims against defendants including assertions regarding alleged injuries from: (1) falling down the stairs; (2) head injuries/concussion; (3) severe headaches; (4) spotted vision; (5) double vision; (6) neck injuries; (7) swollen/sprain-like muscle cramps in neck and unable to rotate neck without clicking sound; (8) back injuries in lumbar region/sciatic nerve problems; (9) side effects from Effexor and Cymbalta[6]; (10) side effects from experimental blood pressure medications;[7] (11) injuries from refusing to give proper blood pressure medication without severe side effects[8]; and (12) denial of prescribed eye glasses[9].

---

[6] Plaintiff claims that he is suffering "brain damage, psychological defects, some problems with memory, chemical imbalance in brain, anger and mood swings, severe headaches...increase in blood pressure, erectional [sic] dysfunction, abdominal and stomach pain, loss of weight, vision damage, digestive system complications, possible cancer, loss of sleep, hallucination, tissue and muscle deterioration, loss of appetite, back and nerve aggravation."
[7] Plaintiff claims he is suffering "brain damage, severe headaches, vision problems, mild stokes, nose bleeds, loss of sleep, hallucinations, nightmares...abdominal and stomach pain, possible cancer, gastric problems in lower intestines, digestive system complications, diarrhea and constipation, internal bleeding, uncontrollable blood pressure, mild strokes, loss of appetite, extreme loss of weight, and swollen feet and inflammation in the back, spine and joints."
[8] Plaintiff claims he is suffering "mild strokes, extremely painful headaches, extremely high blood pressure, digestive system failure, nose bleeds vision damage, not able to walk or perform daily functions, extreme back pain and aching joints."
[9] Plaintiff claims he is suffering "vision loss, eye strain, headaches, blurry vision, not able to perform daily everyday functions."

Plaintiff seeks specific injunctive relief as well as compensatory and punitive damages in this action. Some of plaintiff's requests for injunctive relief are specific to SECC, and he no longer resides at this prison. When a prisoner has been transferred to a new correctional facility, his claims for injunctive and declaratory relief are properly denied as moot. *See Gladson v. Iowa Department of Corrections*, 551 F.3d 825, 835 (8th Cir.2009).

**Discussion**

The Court has reviewed the complaint and believes that, although plaintiff may be able to assert claims based on the denial of his constitutional rights, he has improperly joined in this one lawsuit all thirty-three (33) defendants and his numerous claims against them, relating to three (3) separate penal institutions. Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Therefore, a plaintiff cannot join, in a single lawsuit, a multitude of claims against different defendants that are related to events arising out of different occurrences or transactions. In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits, . . . [in part] to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *Id.*

Rule 18(a) of the Federal Rules of Civil Procedure, which governs joinder of claims, provides:

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

Therefore, multiple claims against a single defendant are valid.

Because plaintiff is proceeding pro se, the Court will give him an opportunity to file an amended complaint. In so doing, plaintiff should select the transaction or occurrence he wishes to pursue, and limit the facts and allegations to the defendant(s) involved therein. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose to select one defendant and set forth as many claims as he has against that single defendant. *See* Fed. R. Civ. P. 18(a).

If plaintiff wishes to pursue additional claims against additional defendants, and the claims do not arise from the same transaction or occurrence he has chosen to advance in his amended complaint, he must file each such claim as a new civil action on a separate complaint form, and either pay the filing fee or file a motion for leave to proceed in forma pauperis.

Plaintiff must prepare the amended complaint using a Court-provided form, and must follow Rule 8 and 10 of the Federal Rules of Civil Procedure. Rule 8 requires that the complaint contain a short and plain statement of the claim showing entitlement to relief. In the "Caption" section of the form complaint, plaintiff should write the name of the defendant(s) he wishes to sue. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should: (1) set forth the factual allegations supporting his claim against that defendant; (2) state what constitutional or federal statutory right(s) that defendant violated; and (3) state whether the defendant is being sued in

his/her individual capacity or official capacity.[10] If plaintiff is suing more than one defendant, he shall proceed in this manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that defendant violated.

Plaintiff is advised that he must allege facts that show how each defendant is causally linked to, and directly responsible for, violating his rights. *See Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (§ 1983 liability arises only upon a showing of personal participation by defendant); *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights). Plaintiff is also advised that, for an action to be allowed to proceed against a fictitious, or "Doe" defendant, the complaint must make sufficiently specific factual allegations to permit that defendant to be identified after reasonable discovery. *See Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985).

Plaintiff shall have **twenty-one (21) days** from the date of this Order to file an amended complaint. Plaintiff is warned that the filing of the amended complaint completely replaces the original. Claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005).

**Plaintiff's Motions for Injunctive Relief**

On December 6, 2018 and on June 6, 2019, plaintiff filed motions for injunctive relief, both relating to claims relating to his original complaint. He asserted in his December 6, 2018 motion for relief [Doc. #3], that he believed he was suffering from untreated rectal tumors. He sought Court intervention to force Corizon to remove the tumors from his rectum.

In his June 6, 2019 motion for injunctive relief, plaintiff stated that Corizon had provided surgery for his rectal tumors, however, he did not believe he was receiving proper post-operative

---

[10] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

medical care at SECC after a colonoscopy and laser treatment used to treat his hemorrhoids and purported "rectal tumors." Plaintiff sought an order from this Court directing Corizon to give plaintiff better post-operative surgery care, in addition to releasing him from a medical hold, and transferring him to a "better prison." Since that time, plaintiff has been transferred to NECC.

"A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. Thus, a party moving for a injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). In this case, there is no relationship between the injury claimed in the motion and the conduct asserted in the amended complaint, as plaintiff has not repeated his claims relating to his purported rectal tumors or need for rectal surgery in his amended complaint.

Additionally, the Court must deny plaintiff's request for injunctive relief as moot, as he has since been transferred from SECC to NECC. *See Gladson v. Iowa Department of Corrections*, 551 F.3d 825, 835 (8th Cir.2009) (when a prisoner has been transferred to a new correctional facility, his claims for injunctive and declaratory relief are properly denied as moot); *Pratt v. Correctional Corp. of America*, 267 Fed. Appx. 482 (8th Cir.2008); *Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir.1999).

For these reasons, the motions for a temporary restraining order and preliminary injunction will be denied, without prejudice.

### Motion to Appoint Counsel

Plaintiff has filed two motions to appoint counsel. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation

is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be unduly complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions for leave to proceed in forma pauperis [Doc #2 and #14] are **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.83 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motions for injunctive relief [Doc. #3, #7, #8 and #17] are **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint, in accordance with the Federal Rules of Civil Procedure and the instructions set forth in this

Memorandum and Order, no later than **twenty-one (21) days** from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff two (2) blank forms for the filing of a prisoner civil rights complaint. Plaintiff may request additional forms from the Clerk, as needed.

**IT IS FURTHER ORDERED** that plaintiff's motions for appointment of counsel [Doc. #16 and #19] are **DENIED AT THIS TIME**.

**If plaintiff fails to timely comply with this Order, the Court may dismiss this action, without prejudice and without further notice**.

Dated this 12th day of September, 2019.

_____
STEPHEN N. LIMBAUGH
UNITED STATES DISTRICT JUDGE