**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| GEORGE PROBY, JR., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-CV-293 SNLJ |
| | ) | |
| CORIZON MEDICAL SERVICES, et. al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for extension of time to file an amended complaint.[1]

On September 12, 2019, plaintiff was instructed by the Court to file an amended pleading on a court-form no later than October 15, 2019. He was given explicit instructions regarding the filing of his pleading, as well as the Federal Rules of Civil Procedure relating to improper joinder of claims and defendants and how to properly state a claim for relief under Rules 8 and 10. Plaintiff was warned that his initial complaint, as well as his amended complaint was in violation of the joinder Rules, as well as Rules 8 and 10. He was advised how to properly set forth his pleading in such a way to set forth his claims in a clear, concise and factually relevant manner. Plaintiff was also warned that his failure to follow the Court's instructions could result in a dismissal of his § 1983 action, without prejudice.

In his motion for extension of time to amend his pleading, plaintiff states that although he received the Court's Order sometime between October 16th and 18th, he was locked in administrative segregation at Northeastern Correctional Center ("NECC") on September 23, 2019,

---

[1] Plaintiff also seeks an extension of time to file a motion for injunctive relief.

and his personal property was taken from him at that time. He claims that he was later placed on suicide watch, which he was removed from on September 25, 2019. However, plaintiff claims that his personal property has not been returned to him, and he has been denied the ability to purchase postage stamps until October 23, 2019.

The Court will grant plaintiff's request to amend his pleading up to and until October 25, 2019. Plaintiff does not need an extension of time to file a motion for injunctive relief, as such a motion may be filed at any time to preserve the status quo and prevent irreparable harm until a court has had the opportunity to rule on a lawsuit's merits, provided plaintiff is entitled to injunctive relief. However, plaintiff should be aware that he must necessarily establish a relationship between the injury claimed in his motion for injunctive relief and the conduct asserted in his amended pleading. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for extension of time to amend his complaint [Doc. #23] is **GRANTED**. Plaintiff shall file his amended pleading in compliance with the Court's instructions set forth in the September 12, 2019 Memorandum and Order no later than October 25, 2019. Plaintiff's failure to do so will result in a dismissal of this action, without prejudice.

**IT IS FURTHER ORDERED** that no further extension of time will be granted without good cause being shown.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to file a motion for injunctive relief is **DENIED WITHOUT PREJUDICE**.

Dated this 16th day of October, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE