# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

GEORGE PROBY, JR., )
)
    Plaintiff, )
)
vs. ) Case No. 1:18-CV-293 SNLJ
)
CORIZON MEDICAL SERVICES, et al., )
)
    Defendants. )

## **MEMORANDUM AND ORDER**

    This matter is before the Court upon the second amended complaint of self-represented plaintiff George Proby, Jr. ECF No. 25. The Court previously granted plaintiff *in forma pauperis* status and reviewed his first amended complaint under 28 U.S.C. § 1915. ECF No. 20. Based on that review, the Court directed plaintiff to file a second amended complaint on a Court-provided form and in compliance with the Court's instructions. The Court warned plaintiff that his second amended complaint would also be reviewed under § 1915. For the reasons discussed below, the Court will dismiss plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **Legal Standard on Initial Review**

    Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a self-represented litigant's complaint under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for self-represented plaintiff that assumed facts that had not been pleaded).

**The Complaint and First Amended Complaint**

Plaintiff is an inmate with the Missouri Department of Corrections ("MDOC"), currently confined at Northeast Correctional Center ("NCC"). Plaintiff filed this action on December 6, 2018 pursuant to 42 U.S.C. § 1983. ECF No. 1. On May 20, 2019, plaintiff filed a first amended complaint against thirty-three (33) defendants, which included individuals employed by Jefferson City Correctional Center ("JCCC"); Moberly Correctional Center ("MCC"); Southeast Correctional Center ("SECC"); Corizon Medical Services ("Corizon"); and the MDOC. ECF. No. 13. Plaintiff named all defendants in their official and individual capacities and alleged more than twelve (12) separate claims relating to various injuries and medical issues.

The Court reviewed plaintiff's first amended complaint under 28 U.S.C. § 1915(e)(2) and found he improperly joined into one lawsuit all thirty-three (33) defendants as his allegations involved unrelated events from three different penal institutions. *See* ECF No. 20 at 6-8. Because the plaintiff is a self-represented litigant, the Court directed him to file a second amended complaint to attempt to cure his pleading deficiencies. Plaintiff was advised to set forth the factual allegations supporting his claims and to allege facts showing how each defendant is causally linked to, and directly responsible for, violating his constitutional rights.

**The Second Amended Complaint**

Plaintiff filed his second amended 42 U.S.C. § 1983 complaint on a court provided form against eight defendants: (1) Corizon; (2) T. Bredeman (Corizon, Regional Medical Director at MDOC); (3) J. Cofield (MDOC, Director of Operations of Constituent Services); (4) Unknown Hucke (Corizon, Doctor at JCCC); (5) Pamela Swartz (Corizon, Nurse Practitioner at JCCC); (6) Rebecca Grahm (Corizon, Nurse Practitioner at SCC); (7) Phillip Tippen (Corizon, Doctor at SCC); and (8) Paul F. Montany (Corizon, Doctor at Missouri Delta Medical Center). Plaintiff brings this action against defendants in their official and individual capacities alleging deliberate indifference to his serious medical needs.

According to his second amended complaint, while plaintiff was incarcerated at JCCC in 2017, he was examined by Dr. Hucke who diagnosed him with anal condyloma and "promised to treat plaintiff with the medication Podophyllin and remove the warts," but he "later refused to treat [him] for no justifiable reason" and "abandon[ed] plaintiff medically." Plaintiff also alleges Dr. Hucke failed to treat him for abdominal pain and digestive system complications.

Plaintiff states he was subsequently seen by Nurse Practitioner Swartz who agreed with Dr. Hucke's diagnosis and Podophyllin treatment plan. Plaintiff alleges, however, that "each time plaintiff showed up for treatment Swartz claimed the medication was ordered but never came in."

Plaintiff also alleges Swartz failed to treat him for abdominal pain and digestive system complications.

On August 2, 2018, plaintiff was transferred from JCCC to SECC. In September and October, plaintiff appeared for "several medical appointments" with Nurse Practitioner Grahm. Plaintiff states Grahm "sent [an] e-mail request to Corizon . . . explaining that plaintiff [was] in need of surgery in order to remove the lesions (anal condyloma)." Plaintiff claims Corizon denied plaintiff surgery and directed Grahm to treat him with Podophyllin. Plaintiff alleges Grahm "failed to report Corizon . . . to the proper medical authorities," "denied plaintiff pain medication," and refused to treat him with Podophyllin. Plaintiff further alleges Corizon had a policy to prohibit medical professionals from referring him to a surgeon in order to "save money."

On January 25, 2019, plaintiff appeared for an appointment with non-party Dr. Wu at M.U. Health Care where he was diagnosed with abdominal pain, anal warts, and hemorrhoids. Plaintiff states he was scheduled for a colonoscopy, hemorrhoidectomy, and condyloma excision, but "after Dr. Wu presented his medical findings to defendants[s] Grahm, Tippin, and the Corizon Headquarters, plaintiff's appointment was terminated with Dr. Wu."

On May 16, 2019, plaintiff appeared at the Missouri Delta Medical Center for a colonoscopy and excision of the visible condyloma. These procedures were performed by Dr. Montany. Plaintiff attached the medical records for this procedure to his second amended complaint. *See* ECF. No. 25-1 at 8-16. Plaintiff alleges Dr. Montany conspired with Corizon and Dr. Tippen to delete information from those medical records for the purpose of concealing he also had his hemorrhoids surgically removed. Plaintiff alleges Dr. Montany and Corizon wanted to hide evidence that he had a serious medical issue. Plaintiff further alleges Dr. Montany gave medical orders to Dr. Tippen and Nurse Grahm to follow up after surgery, but that they failed to provide Podophyllin, antibiotic ointment, sitz baths, or pain medication.

Plaintiff states he submitted grievances to Cofield and Bredeman to inform them of his need for "serious medical treatment," but those grievances were denied. As exhibits to the complaint, plaintiff provided copies of three grievances he filed and two written responses he received from JCCC, both of which were signed by Cofield and Bredeman. ECF No. 25-1 at 1-5. Condensed and summarized, plaintiff's exhibits reflect that he complained of a lack of medical treatment for digestive issues and abdominal pain. The grievance responses stated that plaintiff's medical records showed he had been evaluated and treated for his complaints, which included lab testing, x-rays, medication adjustments, and enrollment at the Cardiovascular Care Clinic and Chromic Pain Care Clinic.

Plaintiff alleges he continues to suffer from abdominal pain, digestive issues, and difficulties with bowel movements. For relief, plaintiff seeks $500,000 in punitive damages.

## Discussion

Having carefully reviewed and liberally construed plaintiff's allegations, the Court will dismiss plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B).

### A. Corizon Medical Services

Corizon is a private entity that contracts with the Missouri Department of Corrections to provide healthcare services to inmates. "A corporation acting under color of state law cannot be liable on a *respondeat superior* theory." *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007). Rather, to support a claim against such a corporation, the plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). *See also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that a corporation acting under color of state law will only be held liable where "there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983").

"Policy" refers to an "official policy, a deliberate choice of a guiding principle or procedure made by the . . . official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face . . . a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390.

In order to establish an unconstitutional custom, plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the…entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the…entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the…entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*See Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Here, plaintiff alleges a "Corizon policy" prohibited its medical professionals from having "the authority to send plaintiff to a specialist and to have surgery" in order to "save money." This allegation does nothing more than provide a legal conclusion without any factual support. Such a pleading is not sufficient to state a claim. *See Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010) (explaining that to state a cause of action, a "pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice"); *Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); and *Ulrich v. Pope County*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's

- 6 -

dismissal where the plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of the plaintiff's rights).

This Court has previously held that similar allegations of a Corizon policy without facts do not state a claim for relief. *See Aldridge v. Browning*, 2018 WL 5840512, at *2 (E.D. Mo. Nov. 8, 2018) (allegations that Corizon had a policy prohibiting medical referrals is insufficient without supporting facts); *Hardman v. Corizon Med. Servs.*, 2020 WL 686025, at *4 (E.D. Mo. Feb. 11, 2020) (an assertion that "Corizon is basing his treatment on financial considerations amounts to an unsupported conclusion that requires the Court to speculate as to [plaintiff's] right to relief").

Moreover, the facts presented by plaintiff in his second amended complaint contradicts the existence of any policy or custom by Corizon to deny him a surgical referral. Plaintiff admits and provides supporting medical records showing that he received surgery for an excision of his condyloma on May 16, 2019, approximately six months after seeing Dr. Wu, a specialist at M.U. Health Care, who recommended such a procedure. These facts discredit plaintiff's allegations against Corizon.

Thus, liberally construing the complaint, plaintiff's allegations against Corizon will be dismissed pursuant to § 1915(e)(2)(B) for failure to state a claim.

**B. Official Capacity Claims**

Plaintiff has sued all defendants in their official, as well as individual, capacities. Plaintiff's official capacity claims against Bredeman, Dr. Hucke, Dr. Tippen, Dr. Montany, Grahm, and Swartz must be dismissed because such claims are actually against their employer, Corizon. In an official capacity claim against an individual, the claim is actually against the entity that employs the individual. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Thus, a claim against Bredeman, Dr. Hucke, Dr. Tippen, Dr. Montany, Grahm, and Swartz in their official capacities is actually a claim against Corizon. As discussed above, in

order to assert a claim against Corizon, plaintiff is required to allege that he was injured by an unconstitutional policy or custom. *See Johnson*, 452 F.3d at 973. Plaintiff, as previously explained, has failed to do this. Therefore, plaintiff's official capacity claims against Bredeman, Dr. Hucke, Dr. Tippen, Dr. Montany, and Grahm and Swartz must be dismissed.

As to Cofield, plaintiff alleges he is employed by the MDOC. Naming an employee of the MDOC in his or her official capacity is the equivalent of bringing a claim against the State of Missouri. *See Will v. Michigan Dep't State of Police*, 491 U.S. 58, 71 (1989). Because the MDOC is an agency exercising state power, it is not a "person" subject to a suit under § 1983. *See e.g.*, *Barket, Levy & Fine, Inc. V. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991). *See also Walker v. Missouri Dep't. of Corrections*, 213 F.3d 1035, 1036 (8th Cir. 2000) (affirming district court dismissal of the MDOC because it is not a suable entity); *Alsbrook v. City of Maumelle,* 184 F.3d 999, 1010 (8th Cir. 1999) (en banc) (§ 1983 suit cannot be brought against state agency), *cert. dismissed*, 529 U.S. 1001 (2000). Therefore, plaintiff's official capacity claim against Cofield must also be dismissed.

### C. Individual Capacity Claims

#### 1. T. Bredeman and J. Cofield

Plaintiff's claims against Cofield and Bredeman in their individual capacities for not granting his grievance requests for additional medical treatment do not state a claim of a constitutional violation. To state a cognizable claim under § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Hamilton v. Schriro*, 74 F.3d 1545, 1549 (8th Cir. 1996). "There is no federal constitutional right to a prison grievance procedure, and neither a state law nor a state policy creates one." *Poe v. Corizon Health*, 2019 WL 186660, at *4 (E.D. Mo. Jan. 14, 2019). Therefore,

if a state elects to provide a grievance mechanism, violations thereof will not give rise to a § 1983 claim. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (the grievance procedure is a procedural right only and confers no substantive right on an inmate). Thus, plaintiff's allegations that Cofield and Bredeman violated his constitutional rights by denying his grievance requests for additional medical treatment is not cognizable.

Additionally, plaintiff's allegations do not state a viable claim for relief against Cofield or Bredeman because he does not allege that they were directly involved in or personally responsible for any incidents that allegedly deprived him of his constitutional rights. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights). *See also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (noting that general responsibility for supervising operations of a prison is insufficient to establish personal involvement required to support liability under § 1983); *Woods v. Goord*, 1998 WL 740782, at *6 (S.D.N.Y. October 23, 1998) (receiving letters or complaints does not render prison officials personally liable under § 1983); and *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (claims sounding in *respondeat superior* are not cognizable under 42 U.S.C. § 1983).

Thus, liberally construing the complaint, plaintiff's allegations against Cofield and Bredeman will be dismissed pursuant to § 1915(e)(2)(B) for failure to state a claim.

### 2. Defendant Dr. Montany

Plaintiff alleges Dr. Montany conspired with Corizon, Dr. Tippen, and Grahm to "hide the fact that plaintiff was having hemorrhoid problems[.]" Specifically, plaintiff alleges Dr. Montany falsified his May 16, 2019 operative report by deleting references to plaintiff's hemorrhoid

removal in order to hide that he had a serious medical condition. This conclusory allegation that a conspiracy existed between Dr. Montany, Corizon, and Corizon employees is insufficient to support a conspiracy claim.

To properly plead a claim for civil conspiracy under § 1983, a plaintiff must include factual allegations showing a "meeting of the minds" concerning unconstitutional conduct; although an express agreement between the purported conspirators need not be alleged, there must be something more than the summary allegation of a conspiracy. *See Mershon v. Beasely*, 994 F.2d 449, 451 (8th Cir. 1993). Moreover, "claims of a cover-up by altering medical records do not rise to the level of a constitutional violation and fail to state an Eighth Amendment claim." *Ewing v. Kempker*, 2014 WL 521054, at *5 (E.D. Mo. Feb. 10, 2014).

Here, plaintiff has failed to plead a meeting of the minds among the alleged conspirators or present any facts indicating that Dr. Montany conspired with Corizon, Dr. Tippen, or Grahm. Without specific facts regarding the alleged conspiracy, the complaint "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Twombly*, 550 U.S. at 557; *Iqbal*, 129 S.Ct. at 1949. While plaintiff suspects Dr. Montany falsified his operative report, suspicion alone is not enough to prove a conspiracy. Without further facts implying that Dr. Montany agreed to deprive plaintiff of any constitutional rights, plaintiff fails to state a claim for conspiracy against Dr. Montany under 42 U.S.C. § 1983.

Thus, liberally construing plaintiff's complaint, his allegations against Dr. Montany will be dismissed pursuant to § 1915(e)(2)(B) as legally frivolous and for failure to state a claim upon which relief can be granted. To the extent plaintiff is attempting to also bring civil conspiracy claims against Dr. Tippen and Grahm such claims will also be dismissed.

### 3. Dr. Hucke and Dr. Tippen

Plaintiff alleges Dr. Hucke diagnosed him with anal condyloma and "promised to treat plaintiff with the medication Podophyllin and remove the warts," but he "later refused to treat [him] for no justifiable reason" and "abandon[ed] plaintiff medically." Plaintiff also alleges Dr. Hucke failed to treat him for abdominal pain and digestive system complications. Plaintiff alleges Dr. Tippen "denied plaintiff pain medication before and after surgery" and "directed defendant Grahm to use medication on plaintiff that had no effect and only caused severe pain and suffering."

A prison official's deliberate indifference to a prisoner's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment. *Alberson v. Norris*, 458 F.3d 762, 765-66 (8th Cir. 2006). A prima facie case alleging deliberate indifference requires the inmate-plaintiff to demonstrate that he suffered from an objectively serious medical need and the "prison officials actually knew of but deliberately disregarded" that need. *Id.* Medical malpractice alone, however, is not actionable under the Eighth Amendment. *Smith v. Clark*, 458 F.3d 720, 724 (8th Cir. 2006). For a claim of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). Showing medical malpractice is not enough: "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Thus, to state a claim against Dr. Hucke and Dr. Tippen, plaintiff must allege his condition was objectively serious and they deliberately disregarded any need of which they were aware.

For purposes of initial review, the Court will assume anal condyloma and hemorrhoids meet the criteria for an objectively serious medical need. However, plaintiff's allegations do not establish that either Dr. Hucke or Dr. Tippen were deliberately indifferent to that need. As noted

above, this is an onerous standard that requires plaintiff to demonstrate a mental state akin to criminal recklessness. Additionally, despite this Court's prior caution in directing him to file a second amended complaint, plaintiff sets forth his claims in a vague and conclusory manner instead of alleging facts permitting the inference that either defendant violated his rights.

As to Dr. Hucke, plaintiff alleges that he failed to treat his condyloma, abdominal pain, or digestive issues, but does not set forth any facts to support this claim, such as when or how treatment was refused. Plaintiff does not allege that he told Dr. Hucke he had abdominal pain or digestive issues. Plaintiff must state how each defendant was directly responsible for the alleged medical mistreatment. "It is not enough to allege that 'defendants' refused to treat his injuries. A federal complaint must contain the 'who, what, when and where' of what happened, and each defendant must be linked to a particular action." *Drummer v. Corizon Corr. Health Care*, 2016 WL 3971399, at *1 (E.D. Mo. July 25, 2016); *see also Miles v. Corizon Healthcare*, 2019 WL 2085998, at *4 (E.D. Mo. May 13, 2019) (a general refusal to treat allegation, without any additional information, is nothing more than a conclusory statement and cannot suffice to state a cause of action under the Eighth Amendment). Thus, plaintiff's allegation that Dr. Hucke failed to treat him without any additional facts is simply too vague and conclusory to permit the inference that he was deliberately indifferent to a serious medical need. Although this Court must liberally construe self-represented complaints, the Court will not create facts or construct claims that have not been alleged. *See Stone*, 364 F.3d at 914-15.

As to Dr. Tippen, plaintiff does not allege that he refused to evaluate him or provide treatment for his anal condyloma or hemorrhoids, or allege facts permitting the inference that Dr. Tippen acted with a mental state equivalent to criminal law recklessness. Plaintiff takes issue with Dr. Tippen's failure to prescribe him with pain medication and to continue prescribing him with other unspecified medications that caused side effects. While plaintiff may disagree with

Dr. Tippen's decisions regarding the appropriate course of prescription medication treatment, allegations that establish only the plaintiff's disagreement with treatment decisions do not state claims of constitutional significance. *Ryan v. Armstrong*, 850 F.3d 419, 425 (8th Cir. 2017); *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). "While inmates have a right to adequate medical care, they have no "right to receive a particular or requested course of treatment." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Doctors are free to exercise their independent medical judgment, *id.*, and a "prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Meuir v. Greene Cty. Jail Emps.*, 487 F.3d 1115, 1118-19 (8th Cir. 2007) (alteration in original) (citation omitted). *See also Barnett v. Hill*, 2019 WL 2058724, at *7 (E.D. Mo. May 9, 2019) (failure to prescribe pain medication when requested is not deliberate indifference of an inmate's medical needs). Consequently, plaintiff's allegations indicate only a disagreement over treatment methods or-at best-negligence in treating his condition.

Moreover, plaintiff does not allege he told Dr. Tippen that the medication Grahm was providing to him caused side effects or was ineffective. Plaintiff also does not allege that he requested pain medication from Dr. Tippen or that he was seen by Dr. Tippen before or after surgery and is unclear from the complaint if Dr. Tippen was even one of plaintiff's treating physicians.

Thus, liberally construing plaintiff's complaint, his allegations against Dr. Hucke and Dr. Tippen will be dismissed pursuant to § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.

### 4. Nurse Practitioners Swartz and Grahm

Plaintiff alleges Swartz prescribed Podophyllin for treatment of his anal condyloma, but each time plaintiff showed up for treatment Swartz claimed the medication was ordered but had

not arrived. Plaintiff alleges Grahm recommended him for anal condyloma surgery, but when the surgical request was denied by Corizon, Grahm failed to report Corizon "to the proper medical authorities" "denied plaintiff pain medication," and refused to treat plaintiff with Podophyllin.

As to Swartz, plaintiff does not allege that she intentionally withheld on-hand medication. Deliberate indifference can include the *intentional* denial or delay of access to medical care, or the *intentional* interference with treatment or prescribed medication. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995) (emphasis added). To the contrary, plaintiff alleges Swartz informed him that the Podophyllin had been ordered but had yet to arrive. Plaintiff does not allege Swartz deliberately prevented plaintiff from taking Podophyllin, and there is no indication in the complaint that Swartz was responsible for any delay in shipment to the institution. Plaintiff also fails to establish that Swartz denied him care as he alleges that he saw her on "multiple occasions." Plaintiff's allegations are simply too vague and conclusory to permit the inference that Swartz was deliberately indifferent to a serious medical need. Although this Court must liberally construe self-represented complaints, the Court will not create facts or construct claims that have not been alleged. *See Stone*, 364 F.3d at 914-15.

As to Grahm, the Court cannot find that she violated plaintiff's federally protected rights by refusing to "report" Corizon "to proper medical authorities." There is no constitutional requirement that a nurse must report her employer to an unspecified authority if she believes the inmate qualifies for surgery and the surgery is denied. As to plaintiff's allegation that Grahm withheld pain medication, plaintiff does not identify the name of the medication he was allegedly supposed to receive or if he had a prescription requiring her to dispense any such medication. Plaintiff further alleges Grahm failed to treat him, but he provides no supporting factual allegations such as when or how he was denied treatment. The facts, as alleged, do not permit the inference that Grahm was deliberately indifferent to a serious medical need.

Thus, liberally construing plaintiff's complaint, his allegations against Swartz and Grahm will be dismissed pursuant to § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.

### Second Motion for Appointment of Counsel

Plaintiff has filed a second motion to appoint counsel. ECF No. 26. The motion will be denied as moot as this action is being dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's second motion for appointment of counsel (Docket No. 26) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 27th day of April, 2020.

_____
**STEPHEN N. LIMBAUGH, JR.**
**UNITED STATES DISTRICT JUDGE**