UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GEORGE PROBY, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:18-CV-293 SNLJ |
| CORIZON MEDICAL SERVICE, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

This matter is before the Court upon remand from the United States Court of Appeals for the Eighth Circuit. In accordance with the opinion of the Court of Appeals, this Court will issue process, or cause process to issue on the following:

(1) plaintiff's official capacity claims against Corizon Medical Service for allegedly having a policy of prohibiting medical professionals of referring plaintiff to a surgeon to save money;[1]

(2) plaintiff's individual capacity claim against T. Bredeman, Regional Medical Director of Corizon, for purportedly denying him grievances relating to his alleged lack of treatment by Corizon doctors for abdominal pain, anal warts and hemorrhoids;

(3) plaintiff's individual capacity claim against J. Cofield, Missouri Department of Corrections, Director of Operations, for purportedly denying him grievances relating to his alleged lack of treatment by Corizon doctors for abdominal pain, anal warts and hemorrhoids;

---

[1] The Eighth Circuit remanded official capacity claims against the individual Corizon defendants as well. However, an official capacity claim against an individual defendant employed by Corizon is the equivalent of a claim against Corizon, itself. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff's official capacity claims against T. Bredeman for denying his grievances, Dr. Hucke, Nurse Swartz, Nurse Grahm and Dr. Tippen for failing to properly diagnose and treat his medical issues do not contain any allegations that a policy or custom of Corizon was in any way responsible for a violation of plaintiff's Eighth Amendment rights. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). Accordingly, it appears that the only policy or custom claim remaining in this case is the claim that Corizon Medical Service had a policy of prohibiting medical professionals of referring plaintiff to a surgeon to save money.

(4) plaintiff's individual capacity claims against Dr. Unknown Hucke, Corizon doctor employed at Jefferson City Correctional Center ("JCCC"), for allegedly failing to properly treat plaintiff for anal warts, digestive symptoms and abdominal pain in 2017, in violation of the Eighth Amendment;

(5) plaintiff's individual capacity claims against Nurse Pamela Swartz, Corizon Nurse employed at JCCC in 2017, for allegedly failing to properly treat plaintiff for anal warts, with his requested treatment, Podophyllin, in violation of the Eighth Amendment;

(6) plaintiff's individual capacity claims against Nurse Rebecca Grahm, Corizon Nurse employed at Southeast Correctional Center ("SECC") in September of 2018, for allegedly failing to provide plaintiff proper pain medication and his requested treatment for anal warts and hemorrhoids, Podophyllin in violation of the Eighth Amendment. Plaintiff also claims that Nurse Grahm failed to report Corizon to the proper medical authorities and it was at this point, when he was being treated by Nurse Grahm, that he realized that Corizon had a policy of denying surgery to him even though it was medically necessary. Plaintiff additionally claims that when surgery was scheduled by an outside provider at a later time, Nurse Grahm consulted with Dr. Tippen and they decided to deny plaintiff surgery. Moreover, plaintiff states that Nurse Grahm failed to properly treat plaintiff after surgery once he had surgery for his hemorrhoids and anal warts;

(7) plaintiff's individual capacity claims against Dr. Phillip Tippen, a Corizon Doctor employed at SECC in the Fall of 2018, for allegedly failing to provide plaintiff proper treatment for anal warts and hemorrhoids in violation of the Eighth Amendment. Plaintiff additionally claims that when surgery was scheduled by an outside provider at a later time, Dr. Tippen and Nurse Grahm decided to deny plaintiff surgery. Moreover, plaintiff states that Nurse Grahm failed to properly treat plaintiff after surgery once he had surgery for his hemorrhoids and anal warts.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Corizon, Inc., T. Bredeman, J. Cofield, Dr. Unknown Hucke, Nurse Pamela Schwartz, Nurse Rebecca Grahm and Dr. Phillip Tippen. Corizon, Inc, shall be served in its official capacity. All other defendants shall be served in their individual capacities.

**IT IS FURTHER ORDERED** that Corizon, Inc., and its employees, T. Bredeman, Dr. Unknown Hucke, Nurse Pamela Schwartz, Nurse Rebecca Grahm and Dr. Phillip Tippen, should be served according to the Court's waiver of service agreement the Court maintains with Corizon, Inc.

**IT IS FURTHER ORDERED** that defendant J. Cofield shall be served according to the Court's waiver agreement with the Missouri Attorney General's Office.

Dated this _20th_ day of _November_, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

3