## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| GEORGE PROBY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-CV-293 SNLJ |
| ) | |
| CORIZON LLC, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court for review pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Review of the record indicates that defendant Dr. Heyden Hucke has not been served with process.

Plaintiff commenced this action in this Court on December 18, 2018. He filed an amended complaint on May 20, 2019, and he filed a second amended complaint on October 28, 2019. Plaintiff did not name Dr. Heyden Hucke as a defendant in this action until his second amended complaint. After remand of this action from the Eighth Circuit Court of Appeals, the Court directed service of process on several claims and defendants in the second amended complaint on November 20, 2020. The Clerk attempted to serve process upon Dr. Heyden Hucke via the waiver of service agreement the Court maintains with Corizon LLC. Plaintiff had averred Dr. Hucke was an employee of Corizon LLC.

Corizon LLC declined to waive service as to Dr. Heyden Hucke, stating that she was not an employee of Corizon LLC, as she was employed through subcontractors. The Court subsequently directed counsel for Corizon LLC to inform the Court of Dr. Hucke's last known address for the purpose of effectuating service. Counsel timely provided the requested address, and the Court directed the Clerk to effectuate service of process upon Dr. Hucke there. On March 1, 2021, service was returned unexecuted, and the Return of Service indicated that service was attempted by the U.S. Marshal's Service on three separate occasions, to no avail.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In the case at bar, it has been more than 90 days since plaintiff filed his second amended complaint naming Dr. Heyden Hucke as a defendant, and service has been attempted twice without success. As noted above, Rule 4(m) of the Federal Rules of Civil Procedure provides that the Court, after notice to a plaintiff, shall dismiss an action against any defendant upon whom service has not been timely made. In light of plaintiff's status as a *pro se* and *in forma pauperis* litigant, he will be given the opportunity to provide the Court with adequate information such that Dr. Heyden Hucke may be timely served under Rule 4(m). Plaintiff's response to the Court is due no later than twenty-one (21) days from the date of this Order.

Accordingly,

**IT IS HEREBY ORDERED** that, no later than twenty-one (21) days from the date of this Order, plaintiff shall provide the Court with adequate information such that Dr. Heyden Hucke may be served with process.

**IT IS FURTHER ORDERED** that, in the absence of good cause shown, plaintiff's failure to timely respond to this Order shall result in the dismissal of Dr. Heyden Hucke from this cause of action, without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Dated this 4th day of March, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE